Justice KETCHUM,
dissenting:
I disagree with the majority decision. As I read Citynet’s Employee Incentive Plan, the plaintiff was not entitled to redeem the entire balance of his vested fringe benefits when he quit.
In Syllabus Point 5 of Adkins v. American Mine Research, Inc., 234 W.Va. 328, 765 S.E.2d 217 (2014), this Court reaffirmed the principle that the determination of whether a fringe benefit is a “wage” payable under the Wage Payment and Collection Act “is governed by the terms of the employment agreement, whether written or in the form, of a consistently applied unwritten ■ policy.” According to § 5.7(b) of the written Incentive Plan, the plaintiff was only entitled.to redeem up to a maximum of 20% of his vested balance each calendar year. Citynet appears *99 to have structured the plan to maintain the stability of its investments in the Incentive Plan, and to only allow employees to make withdrawals at limited times, in limited amounts. I am not wholly convinced that the majority opinion’s interpretation of the Incentive Plan is correct, because it interprets the written language in a way that destabilizes the Incentive Plan for employees other than the plaintiff.
Put simply, I would have reversed the cirquit court and entered judgment in favor of the employer.